IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:96-cr-00025-MP

GEORGE WASHINGTON PARKER, JR,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 105, Motion to Correct Erroneous Prior Convictions in the Pre-Sentence Investigation Report (PSR), filed by Defendant. Defendant states that he is bringing his motion pursuant to Rule 32 of the Federal Rules of Criminal Procedure. Defendant's motion is untimely, to say the least. Defendant was sentenced in the instant case on April 15, 1997. Doc. 39. The Eleventh Circuit affirmed the judgment on September 2, 1998. Doc. 56. On October 6, 2000, the Court denied at Doc. 69 Defendant's motion to vacate, and the Eleventh Circuit dismissed at Doc. 88 Defendant's subsequent appeal.

Although the Court is without jurisdiction to hear a motion brought pursuant to Rule 32, the Court is "obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320 (11th Cir. 2003) (citing United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Here, Defendant's motion could be construed as a motion under 18 U.S.C. § 3582(c). Indeed, it appears Defendant is once again arguing that he is entitled to a reduced sentence based on

Amendment 709 to § 4A1.2(a)(2) of the United States Sentencing Guidelines ("Guidelines").[1] This is the same argument Defendant made in his previous § 3582(c) motion, Doc. 90, which the Court denied at Doc. 93. The Court also denied Defendant's subsequent motion for reconsideration and motion to proceed *in forma pauperis* on appeal. Doc. 98. For the reasons stated in the Court's previous order at Doc. 93, Defendant is entitled to no relief under § 3582(c).

      Defendant's motion could also be construed as a second or successive motion to vacate under 28 U.S.C. § 2255. However, Defendant's first motion to vacate was denied, and Defendant has not sought leave to file a second or successive motion pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255. In any event, Defendant's argument for a reduced sentence based on the retroactive application of Amendment 709 would not be cognizable under § 2255. That construction would therefore be of no help to Defendant. There being no other statutory framework under which the relief sought could be granted, it is hereby

**ORDERED AND ADJUDGED:**

The motion at Doc. 105 is DENIED.

**DONE AND ORDERED** this __2nd__ day of January, 2009

                *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge

---

[1] As with Defendant's previous motion to reduce sentence, the instant motion makes reference to "Amendment 12" to § 4A1.2(a)(2). However, as stated in the order denying Defendant's previous motion, Amendment 12 modified § 2B2.1(b)(2). That amendment is not applicable to the facts of Defendant's case, and it is clear Defendant intended to cite Amendment 709. The Court treats Defendant's motion accordingly.